UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

PORTLAND DIVISION

**RODNEY DEWALT**,                                      Civil Case No. 3:13-CV-00777-KI

               Plaintiff,                        OPINION AND ORDER

   v.

**WILLIAM GRAVES**,

              Defendant.


    Rodney DeWalt
    9203 S.W. 75th Ave
    Portland, OR 97223

        *Pro se* Plaintiff


KING, Judge:

    Plaintiff Rodney DeWalt alleges Judge William Graves in Oklahoma City, Oklahoma has

violated the privileges and immunities clause of Article IV of the United States Constitution, as

Page 1 - OPINION AND ORDER

well as the due process clause of the Fourteenth Amendment.  He also alleges a claim of unjust

enrichment and misconduct.  Pending before me is DeWalt's Motion for Default Judgment [4].

For the reasons that follow, I give DeWalt notice that his Complaint may be dismissed unless he

responds to this Opinion and Order by July 26, 2013.  If he fails to oppose dismissal by July 26,

the Complaint will be dismissed with prejudice.

## ALLEGATIONS

In the instant Complaint, DeWalt alleges Judge Graves violated his rights when "he had a

buyer for his business[.]"  Compl. Claim I.  He alleges Judge Graves "allowed Charles Burton's

Oklahoma City council Ronald Kelly of Ward 7 where the business is located to conspire and

take all cash profits and deposits and co-mingle DeWalt, LLC profits."  Compl. Claim II.

DeWalt believes Judge Graves is receiving a "pay-off" as well.  Id.  Finally, DeWalt alleges

Judge Graves has "elevated himself above the [C]onstitution and became a dictatorship" and is

"personally liable for his actions."  Compl. Claim III.

DeWalt has attached to his Complaint several documents containing the caption

CharlieBarbara, LLC v. DeWalt, LLC, District Court of Oklahoma County, in the State of

Oklahoma.  Documents containing this caption include a Motion for a Temporary Restraining

Order and a Complaint for breach of contract, breach of fiduciary duty, conversion, and fraud

filed by attorney Ronald Kelly on behalf of CharlieBarbara, LLC and Charles Burton.  According

to the Oklahoma Complaint, Charles Burton and his company, CharlieBarbara LLC, and DeWalt

entered into an agreement to operate a club called The Purple Martini.  The Oklahoma complaint

alleges DeWalt locked Burton out of the club on November 16, 2011.  Other attachments reflect

that on November 18, 2011, Judge Graves entered a temporary restraining order enjoining

DeWalt from operating The Purple Martini.  On November 22 and again on December 21, 2011, the parties formally agreed through their attorneys to continue operating the club as co-managers.

One further attachment is a letter from DeWalt addressed to Judge Graves dated March 4, 2013.  In the letter, DeWalt references the case pending in Judge Graves' court.  DeWalt indicates he sat in Judge Graves' courtroom, has trouble with his rulings, believes he is favoring DeWalt's opponent, and is conspiring with his opponent's attorney to "commandeer" DeWalt's business.  Additionally, DeWalt indicates that in 2012 Burton opened another business account into which monies from The Purple Martini flowed, and that DeWalt told Burton he wanted out of the business.  On March 8, 2012, according to the letter, Judge Graves refused to allow DeWalt to sell the business.  Finally, in the letter, DeWalt asserts Burton's attorney Kelly and Judge Graves have conspired to help Burton take control of the business.

## DISCUSSION

DeWalt's lawsuit appears to be barred by the doctrine of judicial immunity and therefore fails to state a claim for relief under Federal Rule of Civil Procedure 12(b)(6).  Judges are generally immune from liability for money damages.  Meek v. Cnty. of Riverside, 183 F.3d 962, 965 (9th Cir. 1999).  If the judge has jurisdiction to perform the act in question, and the act is judicial in nature, the judge is immune even if the act is erroneous, done maliciously, or in excess of his authority.  Id.  Furthermore, judicial immunity is not lost by allegations that a judge conspired with one party to rule against another party.  Moore v. Brewster, 96 F.3d 1240, 1244 (9th Cir. 1996) (superceded by statute on other grounds).

However, this court may only dismiss DeWalt's Complaint *sua sponte* under

Rule 12(b)(6) where it has given notice of its intent to dismiss the claims and "afford[ed] plaintiff[] an opportunity to at least submit a written memorandum in opposition to such motion." Lee v. City of L.A., 250 F.3d 668, 683 n.7 (9th Cir. 2001).  Accordingly, DeWalt may file a written response to this Opinion and Order by July 26, 2013 explaining why his case should not be dismissed.  Failure to file a written response will result in dismissal of his Complaint with prejudice.

**CONCLUSION**

DeWalt is directed to file a written response to this Opinion and Order by July 26, 2013 explaining why his case should not be dismissed.  Failure to file a written response will result in dismissal of his Complaint with prejudice.  Decision on his Motion for Default Judgment [4] is stayed pending his response.

IT IS SO ORDERED.

DATED this ___27[th]___ day of June, 2013.

_/s/ Garr M. King_____
Garr M. King
United States District Judge