UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

PORTLAND DIVISION

**RODNEY DEWALT**,

        Plaintiff,

v.

**WILLIAM GRAVES**,

        Defendant.

Civil Case No. 3:13-CV-00777-KI

OPINION AND ORDER

Rodney DeWalt
9203 S.W. 75th Ave
Portland, OR 97223

    *Pro se* Plaintiff

Justin P. Grose
Assistant Attorney General
Oklahoma Office of the Attorney General
Litigation Section

Page 1 - OPINION AND ORDER

313 NE 21ˢᵗ St.
Oklahoma City, OK 73105

      Attorney for Defendant

KING, Judge:

Plaintiff Rodney DeWalt alleges Judge William Graves in Oklahoma City, Oklahoma has violated the privileges and immunities clause of Article IV of the United States Constitution, as well as the Due Process Clause of the Fourteenth Amendment.  He also alleges a claim of unjust enrichment and misconduct.  Pending before me is Judge Graves' Motion to Dismiss and DeWalt's Motion for Default Judgment.  For the reasons that follow, I dismiss the Complaint.

**ALLEGATIONS**

Piecing together DeWalt's allegations from the documents attached to his Complaint, and from the statements he makes in his response to Judge Graves' motion to dismiss, DeWalt is the defendant in an action pending in an Oklahoma state court, captioned <u>CharlieBarbara, LLC v. DeWalt, LLC</u>, CJ-2011-9399 (Okla.Co.).  According to the Oklahoma complaint, Charles Burton and his company, CharlieBarbara LLC, and DeWalt entered into an agreement to operate a club called The Purple Martini.  The Oklahoma complaint alleges DeWalt locked Burton out of the club on November 16, 2011.  Other attachments reflect that on November 18, 2011, Judge Graves entered a temporary restraining order enjoining DeWalt from operating The Purple Martini.  On November 22 and again on December 21, 2011, the parties formally agreed through their attorneys to continue operating the club as co-managers.

One further attachment is a letter from DeWalt addressed to Judge Graves dated March 4, 2013.  In the letter, DeWalt references the case pending in Judge Graves' court.  DeWalt

indicates he sat in Judge Graves' courtroom, disagrees with the Judge's rulings, believes the Judge is favoring DeWalt's opponent, and that the Judge is conspiring with DeWalt's opponent's attorney to "commandeer" DeWalt's business.  Additionally, DeWalt indicates that in 2012 Burton opened another business account into which monies from The Purple Martini flowed, and that DeWalt told Burton he wanted out of the business.  On March 8, 2012, according to the letter, Judge Graves refused to allow DeWalt to sell the business.  Finally, in the letter, DeWalt asserts Burton's attorney Kelly and Judge Graves have conspired to help Burton take control of the business.

In the instant Complaint, DeWalt alleges Judge Graves violated his civil rights when he refused to allow DeWalt to sell his business.  Compl. Claim I.  He alleges Judge Graves "allowed Charles Burton's Oklahoma City council Ronald Kelly of Ward 7 where the business is located to conspire and take all cash profits and deposits and co-mingle DeWalt, LLC profits."  Compl. Claim II.  DeWalt believes Judge Graves is receiving a "pay-off" as well.  Id.  Finally, DeWalt alleges Judge Graves has "elevated himself above the [C]onstitution and became a dictatorship" and is "personally liable for his actions."  Compl. Claim III.

## DISCUSSION

I.      Personal Jurisdiction

Judge Graves asserts he has zero contacts with the State of Oregon, meaning that this court has no jurisdiction over him.

DeWalt bears the burden of establishing that the court has personal jurisdiction over the defendant.  FDIC v. British-American Ins. Co., 828 F.2d 1439, 1441 (9th Cir. 1987).  When the

burden of establishing personal jurisdiction is not satisfied, the matter is dismissed pursuant to Fed. R. Civ. P. 12(b)(2).

The jurisdictional reach of the federal court over defendants in a diversity action is determined by the law of the forum state. Oregon extends jurisdiction to the outer limits permitted by the state and federal constitutions. ORCP 4L. Additionally, to establish jurisdiction under a state's long-arm statute, the plaintiff must show both that the forum state's long-arm statute confers personal jurisdiction over the nonresident defendants and the exercise of jurisdiction does not violate federal constitutional principles of due process. Gray & Co. v. Firstenberg Mach. Co., 913 F.2d 758, 760, 760 n.1 (9th Cir. 1990). Federal due process requires that a nonresident defendant have minimum contacts with the forum state such that the exercise of personal jurisdiction does not offend "traditional notions of fair play and substantial justice." Int'l Shoe Co. v. Washington, 326 U.S. 310, 316 (1945).

DeWalt does not dispute that Judge Graves has no contacts with the State of Oregon. All of the events alleged in the Complaint occurred in Oklahoma and Judge Graves is domiciled in Oklahoma. Since Judge Graves' nonexistent "conduct and connection with the forum State are such that he" would never "reasonably anticipate being haled into court" in the District of Oregon, this court lacks jurisdiction over him. World-Wide Volkswagen Corp. v. Woodson, 444 U.S. 286, 297 (1980).

II.  Judicial Immunity

DeWalt's lawsuit is also barred by the doctrine of judicial immunity and therefore fails to state a claim for relief under Federal Rule of Civil Procedure 12(b)(6). Judges are generally immune from liability for money damages. Meek v. Cnty. of Riverside, 183 F.3d 962, 965 (9th

Cir. 1999). If the judge has jurisdiction to perform the act in question, and the act is judicial in nature, the judge is immune even if the act is erroneous, done maliciously, or in excess of his authority. Id. Furthermore, judicial immunity is not lost by allegations that a judge conspired with one party to rule against another party. Moore v. Brewster, 96 F.3d 1240, 1244 (9th Cir. 1996) (superceded by statute on other grounds).

DeWalt argues Judge Graves' lacked jurisdiction for many of his rulings, but all of the decisions with which DeWalt takes issue were made by Judge Graves within the context of the case pending before him. See Mireles v. Waco, 502 U.S. 9, 13 (1991) (action taken over a matter before him). Judge Graves had jurisdiction to preside over the civil lawsuit assigned to him. See Stump v. Sparkman, 435 U.S. 349, 356 (1978) ("necessary inquiry" is "whether at the time [the judge] took the challenged action he had jurisdiction over the subject matter before him" and the "scope of the judge's jurisdiction must be construed broadly"). As a result, Judge Graves did not act outside his jurisdiction.

## CONCLUSION

Based on the foregoing, Judge Graves' Motion to Dismiss [7] is granted and the Complaint is dismissed with prejudice. The Motion for Default Judgment [4] is denied as moot.

IT IS SO ORDERED.

DATED this   21st   day of August, 2013.

                /s/ Garr M. King
                Garr M. King
                United States District Judge